NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 28246

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

PAUL J. HOSPODAR, Plaintiff-Appellee, v.
CITY AND COUNTY OF HONOLULU, Defendant-Appellant,
and DOE DEFENDANTS NOS. 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 99-0447)

SUMMARY DISPOSITION ORDER
(By:  Nakamura, Chief Judge, Foley and Leonard, JJ.)

Defendant-Appellant City and County of Honolulu (**City**) appeals the Judgment, filed on July 13, 2006 in the Circuit Court of the First Circuit (**Circuit Court**).[1]

On appeal, the City contends that the Circuit Court erred by (1) denying its motion in limine #2 (**MIL #2**), and (2) denying its motion for judgment as a matter of law.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the City's points of error as follows:

(1)  "The granting or denying of a motion in limine is reviewed for abuse of discretion."  Miyamoto v. Lum, 104 Hawai'i 1, 7, 84 P.3d 509, 515 (2004) (internal quotation marks, citation, and ellipsis omitted).  An abuse of discretion occurs if the trial court has "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant."  Amfac, Inc. v.

_____

[1] The Honorable Gary W.B. Chang presided.

1

In MIL #2, the City sought to preclude Plaintiff-Appellee Paul J. Hospodar (**Hospodar**) from presenting evidence or testimony that the terms of the SHOPO agreement were applicable to the Last Chance Agreement (**LCA**) that the City was alleged to have breached. MIL #2 was denied. On appeal, City argues that the Circuit Court erred in denying MIL #2 because: (1) there was no reference in the LCA to the SHOPO agreement; (2) the terms of the LCA were clear and unambiguous; (3) the LCA was an integrated agreement; (4) Hospodar was represented by counsel when the LCA was drawn up; and (5) Appellee's understanding that the SHOPO agreement applied was parol evidence and therefore irrelevant.

The fact that there is no specific reference in the LCA to the SHOPO agreement is not dispositive. The LCA contains no integration clause and includes undefined terms, which require extrinsic evidence of their meaning. For example, the LCA refers, without definition or explanation, to "the normal/customary notice to report for testing." Hospodar argues that this must be understood in accordance with the notification-for-drug-testing provisions in the SHOPO agreement. The LCA also refers, without definition or explanation, to "required testing." Again, Hospodar argues that this must be understood in accordance with the SHOPO agreement, which identifies three types of drug testing: "required testing," "random testing," and "mandatory testing." The LCA also references "the usual and customary departmental investigative procedures." Clearly, the terms of this agreement cannot be understood through any "plain meaning." We conclude that the Circuit Court did not err in allowing extrinsic evidence, including the terms of the SHOPO agreement, to be admitted to determine the intent of the parties.

(2) The City argues that Hospodar failed to present evidence to prove his damages because Hospodar only provided testimony, not actual documentation of his income. Hospodar estimated his income and fair market value of an apartment which

he was provided in return for acting as a resident manager, and Hospodar stated that his pay grade was "PO-9" when the City's records show that Hospodar's pay grade at the time of his termination was "PO-7."

The City does not provide any authority for its argument that Hospodar's testimony is insufficient to establish his income during the time Hospodar was unemployed. The City also contends that Hospodar failed to lay the proper foundation to admit the fair market value of his apartment. However, the City did not identify the introduction of Hospodar's testimony about the fair market value of his apartment as a point of error, therefore, if it was error, it is waived. Lastly, the City cites conflicting evidence regarding Hospodar's pay grade as evidence that Hospodar failed to establish his damages. Where there is conflicting evidence, judgment not withstanding the verdict should not be awarded. Lee v. Aiu, 85 Hawai'i 19, 31, 936 P.2d 655, 667 (1997).

There is evidence in the record regarding Hospodar's damages from Hospodar's testimony regarding his pay grade, the pay scale of the SHOPO contract at the time of his unemployment, Hospodar's testimony regarding his income, and the fair market value of his apartment. Thus, when considering the evidence in a light most favorable to Hospodar, we conclude that the Circuit Court did not err by denying the City's motion for judgment as a matter of law. Stanford Carr Dev. Corp. v. Unity House Inc., 111 Hawai'i 286, 296, 141 P.3d 459, 469 (2006) (quoting In re Estate of Herbert, 90 Hawai'i 443, 454, 979 P.2d 39, 50 (1999)).

For these reasons, the Circuit Court's July 13, 2006 Judgment is affirmed.

DATED:  Honolulu, Hawaiʻi, January 27, 2010.

On the briefs:

Marie Manuele Gavigan
for Defendant-Appellant

Dean Choy
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge